```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              -v-<br><br>PATRICK NDUKWE,<br><br>                        Defendant. | 21CR700-1 (DLC)<br><br>MEMORANDUM OPINION<br>      AND ORDER |

DENISE COTE, District Judge:

On February 2, 2024, defendant Ndukwe moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  The motion is denied.

## Background

On March 10, 2023, Ndukwe pleaded guilty to participating in a conspiracy to commit health care and honest services wire fraud, in violation of 18 U.S.C. § 1349 and pursuant to a plea agreement with the Government.  In that agreement, the parties stipulated to a Guidelines range of 51 to 63 months' imprisonment.

Ndukwe participated in a scheme to defraud Medicaid and to bribe contractors working for New York State.  The scheme resulted in a loss to Medicaid of more than $7 million dollars. The New York State program which was defrauded uses Medicaid funds to pay for transportation services for Medicaid beneficiaries who cannot get to medical appointments without

these services.  Ndukwe owned and operated a car service in the Bronx that provided Medicaid-funded transportation services.  Through the payment of bribes, Ndukwe's company received more than its fair share of this business and was also assigned trips that were never intended to be performed.  Ndukwe falsely affirmed that the "fake" trips had taken place.  His company earned over $2.5 million for the fake trips.  The parties stipulated that the loss attributable to Ndukwe for purposes of the Guidelines is at least $3.5 million.

The Presentence Report calculated the defendant's Sentencing Guidelines range as 51 to 63 months' imprisonment, based on an offense level of 24 and a criminal history category of I.  The Probation Department recommended a sentence of 48 months' imprisonment; the defendant sought a sentence of time served; and the Government requested a sentence of 63 months.  On June 30, 2023, the defendant was sentenced principally to a term of 60 months' imprisonment.  The defendant did not appeal.

On February 2, 2024, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The amendment went into effect on November 1, 2023 and applies retroactively.  On February 14, 2024, the Probation Department issued a report indicating that Ndukwe is eligible for a sentence reduction.  On July 1, 2024,

the defendant filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255. The petition will be separately addressed. Ndukwe is scheduled to be released from custody on July 16, 2027.

## Discussion

A judgment of conviction is ordinarily final. Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive. United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010). If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing

Commission," which are contained in U.S.S.C. § 1B1.10. Martin, 974 F.3d at 136 (citation omitted). Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021). A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding. Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)." United States v. Brooks, 891 F.3d 432, 436 (2018) (addressing a denial to reduce a sentence pursuant to Amendment 782). In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. Id. at 437. If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence. Id.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 modified the

4

calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.C. § 4C1.1. It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors. Those aggravating factors include that the defendant "did not personally cause substantial financial hardship." U.S.S.G. § 4C1.1(a)(6). Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point. The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment. U.S.S.G. App. C, Amendment 821, Reason for Amendment. The Sentencing Commission noted as well that the exclusionary criteria identified by the Commission were also informed "by extensive data analyses and public comment." Id.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines

range.  Id. § 1B1.10(a)(2)(B).  It requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction.  Id. § 1B1.10, Application Note 1(B)(i)-(ii).  A court may also consider a defendant's post-sentencing conduct.  Id. § 1B1.10, Application Note 1(B)(iii).

Ndukwe received no criminal history points at the time of his sentencing.  It is also true, however, that he may be ineligible for any adjustment because he personally caused "substantial financial hardship."  On June 29, 2023, the Director of the Fraud Investigations Group of the Center for Program Integrity for the Department of Health & Human Services Centers for Medicare & Medicaid Services wrote to the Court in connection with Ndukwe's sentence.  The letter explained that the impact of the scheme is "severe" on the Medicaid program.  The defendant and his co-conspirators defrauded Medicaid of over $7 million in payments.  These funds were intended to provide health care services to Medicaid recipients in New York.  This loss "deleteriously affected" the Medicaid program and compromised the integrity of its mission, according to the

letter. In any event, if Amendment 821 reduced his offense level by two levels, it would be lowered from 24 to 22. As a consequence, Ndukwe's Guidelines range would be lowered from the original range of 51 to 63 months to an amended range of 41 to 51 months. He received a sentence of 60 months' imprisonment, or nine months more than the top of the amended range.

On the assumption that the amended Guidelines apply to Ndukwe, his motion for a reduction to his sentence is nonetheless denied. The defendant asked for a sentence of time-served and the Probation Department recommended a sentence of 48 months' imprisonment. The Court rejected those proposed sentences and, having weighed the § 3553(a) factors, sentenced Ndukwe to 60 months' imprisonment. That sentence was below what the Government requested, but not at the bottom of the calculated Guidelines range. It reflected an individualized sentence of Ndukwe. Having reconsidered Ndukwe's sentence in light of the amended Guidelines and the information presented at sentence and on this application, a sentence of 60 months' imprisonment is still appropriate.

Ndukwe paid bribes to the private company that had a contract with New York State to assign rides for Medicaid recipients who needed those services to attend their medical appointments. His bribes victimized that company and New York

State's Department of Health. It deprived competing transportation companies of the opportunity to receive the assignments. Beyond that, Ndukwe engaged in a scheme to be reimbursed for fake rides. He acquired the names and other identifying information for drivers who had never worked for him, input their information into a billing system, and submitted those bills to Medicaid. He engaged in these schemes over the course of three or more years, between 2017 and 2020, and benefitted by earning millions of dollars through fraud. The § 3553(a) factors, including consideration of individual and general deterrence and the appropriate punishment, do not support a reduction in his sentence.

## Conclusion

Ndukwe's January 26, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c) and U.S.S.G. § 1B1.10 is denied.

Dated:      New York, New York
            July 22, 2024

                                    _____
                                    Denise Cote
                                    United States District Judge