UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
PATRICK NDUKWE,                            :
                                           :        24cv5073 (DLC)
                         Petitioner,       :        S1 21cr700-1
                                           :            (DLC)
            -v-                            :
                                           :        OPINION AND ORDER
                                           :
UNITED STATES OF AMERICA,                  :
                                           :
                         Respondent.       :
                                           :
----------------------------------------- X

APPEARANCES:

For petitioner Patrick Ndukwe:
Patrick Ndukwe
4442 Richardson Ave.
Bronx, NY 10470
Pro se


For the United States of America:
Brandon Douglas Harper, Kedar S. Bhatia
U.S. Attorney's Office for the Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

On June 30, 2024, Patrick Ndukwe, appearing pro se, filed a
petition for a writ of habeas corpus pursuant to Title 28,
United States Code, Section 2255. Ndukwe pleaded guilty to
federal crimes related to Medicaid fraud and was sentenced on
June 30, 2023. He did not appeal from his conviction. For the
following reasons, Ndukwe's petition is denied.

## **Background**

Ndukwe makes essentially four arguments in support of his petition.  He asserts that he did not have enough time to prepare for trial; that there was an insufficient factual predicate for the crime to which he entered a plea of guilty; that there were errors in his sentencing; and that his assigned counsel was ineffective.  Before addressing these arguments, the underlying facts concerning Ndukwe's prosecution, including his plea and sentencing proceedings, will be described.

On November 15, 2021, Ndukwe and two co-defendants, David Travers and Michelle Martin, were indicted in connection with their participation in a scheme to defraud Medicaid and to bribe contractors working for New York State.  Ndukwe was arrested the next day, on November 16.  A pretrial conference was held on December 3, at which point the Court set a trial date of April 3, 2023, which was about sixteen months away.  On February 22, 2023, Ndukwe and his two co-defendants were indicted in a four-count superseding indictment.

Pursuant to a plea agreement with the Government ("Agreement"), on March 10, 2023, Ndukwe pleaded guilty to participating in a conspiracy to commit health care and honest services wire fraud, in violation of 18 U.S.C. § 1349.  In that Agreement, the parties stipulated that the total loss attributable to Ndukwe for purposes of the Sentencing

2

Guidelines' calculation was at least $3.5 million and that the
Guidelines range was 51 to 63 months' imprisonment.  As for the
loss amount, the parties stipulated that the defendant's
transportation company was paid over $2.5 for Medicaid trips
that it never performed.  They also agreed that the defendant's
company received almost $1.1 million for trips fraudulently
assigned to it because of the defendant's payment of bribes and
kickbacks to employees of the contractor that assigned Medicaid
trips on behalf of New York State.  Ndukwe agreed to waive his
right to appeal his sentence or to bring a collateral challenge
to his sentence under 28 U.S.C. § 2255, provided he was
sentenced to no more than 63 months in prison.

At the plea allocution, Ndukwe was placed under oath.  He
explained that he had a Master's degree in computer information
systems.  He represented that he had had a sufficient
opportunity to discuss his plea with his attorney and was
satisfied with the representation his attorney had provided him.
He was advised of his right to proceed to trial and waived that
right.  The elements of the crime to which he pleaded were
explained to him, as well as the penalties for that crime.  The
Court reviewed with Ndukwe as well the principal terms of his
Agreement with the Government, including its waiver of the right
to appeal or collaterally attack a sentence that did not exceed

63 months' in prison.  Ndukwe represented that he had read the Agreement and reviewed it with his attorney before signing it and believed he had a good understanding of its terms.

In his allocution, Ndukwe explained that "between 2018 to 2020, I owned a transportation company, and I provided rides to [Medicaid] patients for which my company was reimbursed by Medicaid.  I made payments to an individual in an exchange for additional rides steered to my company."  He further stated that his company submitted claims for payment from Medicaid for rides that did not actually occur.  Ndukwe represented that he used an online portal to submit his claims to Medicaid during the period in which he was engaged in fraudulent activity.  The Court found the plea was knowing and voluntary.

The Government described evidence that it would have offered had Ndukwe gone to trial, in particular to establish that the scheme in which Ndukwe participated included efforts to transmit in interstate commerce writings or other signals for the purpose of executing the scheme to defraud.  This would have included evidence that the New York State contractor bribed by Ndukwe had its servers in California and that Ndukwe's communications to it attesting to the completion of Medicaid transportation services would have been routed interstate.  The Government was also prepared to introduce evidence that Ndukwe

wired bribes or kickbacks to his codefendant, Martin, via interstate wire transfers.

The Presentence Report ("PSR") calculated Ndukwe's Guidelines range as 51 to 63 months' imprisonment, based on an offense level of 24 and a criminal history category of I.  The Probation Department recommended a sentence of 48 months' imprisonment, and the Government requested a sentence of 63 months' imprisonment.  Ndukwe's counsel filed a ten-page sentencing submission on his behalf, attaching 16 letters of support, and sought a sentence of time-served.  One of the attached letters was from the defendant.  In that letter, Ndukwe explained that he started to talk with one of his co-defendants in August of 2018, and only met him in person two or three times before the business closed in March of 2020 due to the pandemic. He expressed his regret and remorse.  He acknowledged that he had "made a grave mistake, deviating from the principles and values that have guided me throughout my life."

At the sentencing proceeding on June 30, 2023, Ndukwe expressed his "sincere regret" and apologized for the harm his actions may have caused.  He was sentenced principally to a term of 60 months' imprisonment.  The sentence included an Order of Restitution of over $2.5 million and an Order of Forfeiture of

over $3.7 million.  Ndukwe was advised of his right to appeal.
He did not appeal.

On June 30, 2024, Ndukwe filed a petition to vacate his
sentence pursuant to 28 U.S.C. § 2255 in which he listed 21
grounds for relief.  Ndukwe was given the opportunity to submit
any arguments in support of his petition in a document filed no
later than September 13.  Ndukwe has not provided any further
support for his petition, and in an October 4 Order, the Court
informed the Government that it was not required to respond to
the petition.

### Discussion

Under 28 U.S.C. § 2255, a movant may petition a court to
"vacate, set aside, or correct" a sentence if "the sentence was
imposed in violation of the Constitution or laws of the United
States" or the sentence is "otherwise subject to collateral
attack."  Stone v. United States, 37 F.4th 825, 828 (2d Cir.
2022) (citing 28 U.S.C. § 2255).  Pro se litigants are "entitled
to a liberal construction of their pleadings, which should be
read to raise the strongest arguments that they suggest."  Green
v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citation
omitted).  Nevertheless, a pro se habeas petitioner must still
prove the unconstitutionality of his sentence under § 2255 by a

preponderance of the evidence.  See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

In addressing a petition, a court should "take into account admissions made by the defendant at his plea hearing, for solemn declarations in open court carry a strong presumption of verity."  Gonzalez v. United States, 722 F.3d 118, 131 (2d Cir. 2013) (citation omitted).  A petitioner's subsequent "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  Id. (citation omitted).

Although Ndukwe lists 21 grounds for relief, most of those grounds consist of a phrase, such as "Failure to Request withdrawal of plea", and are followed by an identical boilerplate paragraph referring the Court to the facts in Attachment A.  Attachment A is seven pages long and contains both factual representations and argument.  To the extent Ndukwe describes any facts to support the 21 grounds for challenging his conviction, those individual claims are addressed below.  Where, however, Ndukwe does not present any developed argument or factual basis to support his listed grounds for relief, those grounds are not discussed below.

Ndukwe's non-conclusory claims fall into the following four categories: that he was not given ample time to prepare his case; that the elements of his conviction for conspiring to commit health care and honest services wire fraud, in violation of 18 U.S.C. § 1349, were not satisfied; that there were errors in his sentencing proceeding; and that his counsel was ineffective.  The first three categories of claims are procedurally barred and, for the reasons explained below, are in any event without merit.  Finally, the ineffective assistance claims will be discussed; they are also without merit.

I.   Ndukwe is procedurally barred from and has waived his right to collaterally attack his conviction.

With the exception of Ndukwe's ineffective assistance of counsel claim, Ndukwe's claims are procedurally barred.  All of the claims are barred due to his failure to raise these claims on a direct appeal.  In addition, through the Agreement, Ndukwe waived his right to collaterally challenge his conviction on several of the grounds identified in his petition.

First, a procedural default rule prevents claims that could have been brought on direct appeal from being raised on collateral review absent either 1) cause and actual prejudice or 2) actual innocence.  Gupta v. United States, 913 F.3d 81, 84 (2d Cir. 2019).  To demonstrate cause, a defendant must show "some objective factor external to the defense, such that the

claim was so novel that its legal basis was not reasonably available to counsel." Id. (citation omitted). To make a showing of actual innocence, the defendant must prove his "factual innocence, not mere legal insufficiency." Id. at 85 (citation omitted). The defendant "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (citation omitted). The procedural default rule does not, however, apply to claims of ineffective assistance of counsel. See Yick Man Mui v. United States, 614 F.3d 50, 54 (2d Cir. 2010).

With the exception of his claims of ineffective assistance of counsel, Ndukwe's claims in his petition are barred by the procedural default rule. He was required to bring such claims through a direct appeal, which he did not file. Moreover, he has shown neither cause nor actual innocence to excuse that failure.

In addition, appeal waivers in plea agreements are generally enforceable if they were "entered into knowingly and voluntarily." United States v. Reyes-Arzate, 91 F.4th 616, 621 (2d Cir. 2024) (citation omitted). Similarly, "[t]here is no general bar to a waiver of collateral attack rights in a plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002).

The Agreement's waiver is enforceable.  That waiver covered his term of imprisonment and the amounts in the Forfeiture Order, among other things.  The record at the plea allocution established that Ndukwe entered the Agreement knowingly and voluntarily.  Nothing in the petition suggests otherwise. Therefore, for this additional reason, several of Ndukwe's claims (with the exception of his ineffective assistance of counsel claims) are waived.

II.  Ndukwe's barred claims fail on the merits.

In any event, putting aside any procedural obstacles, each of Ndukwe's claims fails on the merits.  The first three categories of claims are addressed next.

A.  Time to Prepare for Trial

Ndukwe first contends that he was "not given ample time" to prepare for his case.  He does not identify, however, any task that he or his attorney did not have an opportunity to perform. Moreover, there was more than a year between his indictment and his trial date.  In his plea allocution, Ndukwe represented under oath that he had had a sufficient opportunity to discuss the charges in the indictment with his attorney, as well as any defenses to the charge to which he was pleading guilty and the consequences to him of entering the plea.  He told the Court that he was satisfied with the representation that his attorney

had given him.  He allocated that he understood he was entitled
to a trial by jury and that he was waiving that right.  He has
not identified any deficiency in his Rule 11 allocution.  In
short, Ndukwe had more than ample time to prepare for trial and
to consider the benefits and drawbacks of proceeding to trial.

B.  Elements of the Offense

Next, Ndukwe argues that the elements of his conviction for
conspiring to commit health care and honest services wire fraud,
in violation of 18 U.S.C. § 1349, were not satisfied.
Specifically, he argues that he did not bill Medicaid; that the
company that assigned the transportation work on behalf of
Medicaid and New York State to the defendant's company was not
defrauded; that the indictment failed to list distinct
fraudulent acts Ndukwe conspired to undertake; that the
interstate commerce element was not satisfied; and that the
Supreme Court's decision in Ciminelli v. United States, 598 U.S.
306 (2023), decided in May 2023, rendered his conviction
invalid.

Ndukwe's allocution and the Government's proffer, however,
were sufficient for the Court to find, as it explicitly did in
accepting the plea, that there was a sufficient factual
predicate for the plea of guilty.  The allocution and proffer
established that Ndukwe conspired with others to transmit, by

11

interstate wire, writings, signs, or signals for the purpose of
executing a scheme or artifice to defraud New York State's
Medicaid program of money in connection with the delivery of
transportation services.  See 18 U.S.C. §§ 1343, 1346, 1347,
1349.  There is no requirement that an indictment charging a
violation of § 1349 -- the conspiracy charge to which Ndukwe
pleaded guilty -- list overt acts.  See United States v. Roy,
783 F.3d 418, 420 (2d Cir. 2015).  Ndukwe admitted that he
submitted claims to Medicaid for rides that were never
completed, and that, through the payment of bribes, he was able
to have business steered to his company that otherwise would
have been distributed equally among eligible transportation
providers.

Finally, the Supreme Court's decision in Ciminelli has no
bearing on Ndukwe's conviction.  That case held that a defendant
could not be convicted of wire fraud for depriving a victim of
"potentially valuable economic information" needed "to make
discretionary economic decisions" because such information is
"not a traditional property interest."  Ciminelli, 598 U.S. at
309 (citation omitted).  Here, Ndukwe pleaded guilty to
conspiring to defraud New York State's Medicaid program of
money.

C.  Sentencing Claims

Finally, Ndukwe presses three arguments related to his
sentencing.  First, he challenges the Sentencing Guidelines
calculation, arguing that the loss amount was, in various
respects, incorrectly calculated.  This includes arguments that
Medicaid is insured and did not suffer a loss; that the loss
amount was not "over $1,000,000"; that the loss amount should
not have included any activities prior to "late 2018," when he
first met one of his codefendants; and that the loss amount
should not have included certain "standing orders" that his
company had from customers or certain orders that were
"canceled."  Second, he contends that the "consent to forfeiture
was erroneous and wrong."  Third, he argues that there was a
disparity between the sentence he received and the sentences his
co-defendants received.

None of Ndukwe's sentencing arguments has merit.  The
parties stipulated to the loss amount in the Agreement, which
the plea allocution established that he entered knowingly and
willingly.  In addition, the PSR agreed with the parties'
calculation of the loss amount.  Nothing in Ndukwe's petition
casts doubt upon the conclusion that his offense involved a loss
greater than $3.5 million.  Indeed, as the Government's
sentencing letter explained, that calculation did not include an

additional $3 million in public funds that the defendant
attempted to obtain through fraud.

As to any sentencing disparity, one of Ndukwe's
codefendants cooperated in the Government's investigation and
the other played a lesser role in the scheme.  Ndukwe has not
shown that there was any unwarranted sentencing disparity.  See
United States v. Fernandez, 104 F.4th 420, 428 (2d Cir. 2024)
("[A] reasonable explanation for a sentencing disparity was
readily apparent where there were varying degrees of culpability
and cooperation between the various defendants." (citation
omitted)).

   III. Ndukwe's ineffective assistance of counsel claims fail.

Finally, Ndukwe argues that his counsel was ineffective.
To establish ineffective assistance of counsel,

> a defendant must demonstrate that (1) his counsel's
> representation fell below an objective standard of
> reasonableness, and (2) this deficient performance
> caused prejudice to the defendant -- that is, there is
> a reasonable probability that, but for counsel's
> unprofessional errors, the result of the proceeding
> would have been different.

United States v. Overton, 24 F.4th 870, 880 (2d Cir. 2022)
(citing Strickland v. Washington, 466 U.S. 668, 688, 694
(1984)).  "Courts reviewing ineffective assistance of counsel
claims are highly deferential, and must strongly presume that
counsel made all significant decisions in the exercise of

reasonable professional judgment."  United States v. Rosemond,
958 F.3d 111, 121 (2d Cir. 2020) (citation omitted).  "This
presumption is overcome only if counsel failed to act reasonably
considering all of the circumstances."  Id. (citation omitted).

Insofar as a claim of ineffective assistance of counsel
challenges the process by which the plea agreement was executed,
it can survive a plea agreement's waiver provision.  Parisi v.
United States, 529 F.3d 134, 138 (2d Cir. 2008).  To raise such
a claim despite a guilty plea or appeal waiver, however, "the
petitioner must show that the plea agreement was not knowing and
voluntary, because the advice he received from counsel was not
within acceptable standards."  Id. (citation omitted).

Ndukwe describes three ways in which his trial counsel was
ineffective.  He contends that without Ndukwe's consent his
counsel stipulated to the loss amount and to forfeiture.
Similarly, Ndukwe argues that his attorney made the "wrong"
arguments regarding loss amount and "different" arguments from
the ones Ndukwe requested she make.  Lastly, he claims that his
counsel failed to object or preserve arguments challenging his
sentence of 60 months' imprisonment, which was "above that of
the P.S.R. and the low end of the erroneous and unjust
'stipulated guideline' range."

Ndukwe has not shown either that his counsel's performance was deficient or that he was prejudiced due to his counsel's alleged failures.  Ndukwe advised the Court at that time of his plea that he was satisfied with the representation his counsel had given him and had entered the Agreement knowingly.  That Agreement contained the stipulation regarding the loss amount that he now challenges.  When he addressed the Court at his sentencing, he did not complain about his counsel or request the assignment of new counsel.  His various arguments in his petition that he received ineffective assistance of counsel -- including that his ineffective assistance of counsel tainted his plea agreement and consent to forfeiture -- are bereft of specific facts and are "vague, conclusory, or palpably incredible."  Gonzalez, 722 F.3d at 130 (citation omitted).  Ndukwe's "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal."  Id. at 131 (citation omitted).

Finally, there was no ground to object to the sentence imposed by the Court, which was within the stipulated Sentencing Guidelines range.  Counsel had already argued for a sentence of time-served and submitted a fulsome sentencing memorandum in support of that request.  Ndukwe has failed to show that the

representation provided by his attorney was deficient in any respect.

## Conclusion

Ndukwe's June 30, 2024 petition for a writ of habeas corpus is denied.  Ndukwe having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:    New York, New York
          November 7, 2024

                              _____
                                  DENISE COTE
                         United States District Judge